**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**UNITED STATES OF AMERICA**

**v.**                                                        **Criminal Case No.: 4:23-CR-000036**

**LUIS ANDRES VALENCIA RENTERIA,**
                                   **Defendant.**

**POSITION OF DEFENDANT
WITH RESPECT TO SENTENCING**

COMES NOW, the defendant, Luis Andres Valencia Renteria, by and through counsel, and files his Position On Sentencing pursuant to the Federal Rule of Criminal Procedure 32, § 6A1.2 of the advisory United States Sentencing Guidelines ("USSG" or "Guidelines") and the Sentencing Procedure Order as to Mr. Renteria. Counsel has received and reviewed the Presentence Report ("PSR") with the defendant and respectfully states that there are no objections to the PSR that would affect the advisory guidelines. The defendant agrees with the government and Probation that the total offense level in this case should be at level 21, a criminal history of 0, and criminal history category of Level I, resulting in an advisory guideline range between 37 and 46 months but submits that a sentence even at the low end of 37 months does not properly reflect his minimal level of involvement and is far greater than necessary to reflect the sentencing factors listed in 18 U.S.C. § 3553(a).

<u>BACKGROUND</u>

On April 11, 2023, Mr. Renteria, along with his co-defendants, Cesar Rodriguez and Yunier Renteria-Rentaria, were named in a one count Indictment returned by the Grand Jury for the

-1-

Eastern District of Virginia, charging the defendant with Possession with Intent to Distribute Cocaine on Board a Vessel, in violation of 46 U.S.C. § 70503, on or about March 17, 2023; and a forfeiture allegation pursuant to 18 U.S.C. § 924(d), 982(a)(1); 21 U.S.C. § 853; and, 28 U.S.C. § 2461.

In accordance with the terms of a written plea agreement, Mr. Renteria appeared before The Honorable Jamar K. Walker, United States District Judge and pled guilty to Count One of the Indictment. The Plea Agreement provided that the parties agreed that the following guidelines apply in this case: A base offense level of 32; a 4 point reduction for the defendant's minimal role in the criminal activity; a 3 point reduction for the defendant's acceptance of responsibility; and a 2 point reduction based upon the safety valve provision. The United States also agreed that the defendant has no convictions that would qualify as crimes of violence or drug trafficking crimes.

The Court accepted the guilty plea and sentencing was continued pending the completion of a presentence report.

<u>NATURE AND CIRCUMSTANCES OF THE OFFENSE</u>

The details of the offense are set forth in the PSR in a verbatim citing of the Statement of Facts, encompassing PSR ¶ 7. Since November 2018, the Drug Enforcement Administration (DEA) and Homeland Security Investigations with joint investigations of maritime smuggling operations. On March 17, 2023, while on routine patrol in international waters, a Maritime Patrol Aircraft located a Go-Fast Vessel occupied by three individuals approximately 206 nautical miles southeast of the Galapagos Islands. A helicopter was launched from the USS Farragut and obtained video of the crew of the Go-Fast Vessel jettisoning several packages of suspected narcotics overboard.

After gaining control of the Go-Fast Vessel, a right of visitation boarding was conducted and three individuals were encountered, including, the defendant, Mr. Renteria. There were no indicia of nationality observed on the vessel and when asked about the nationality of the vessel, none of the three crew members wanted to make a claim of nationality for the vessel. U.S. Coast Guard personnel recovered numerous bales containing approximately 1,504 kilograms of cocaine, a Schedule II controlled substance.

<u>BACKGROUND</u>

Mr. Renteria is 26 years of age and was born in the town of Buventura in Columbia. The defendant's parents, reside in Cuenca Del Rio Mallorquin, Columbia. The defendant's father is a fisherman and his mother harvests and sells conch. The defendant has five siblings.

Mr. Renteria grew up in a small wooden house without electricity or plumbing. Fishing is the primary industry in his town. He would trade fish for rice or other necessities. Mr. Renteria stated that the Columbian government did not provide any assistance to his family. At one point, Mr. Renteria was displaced from his home because of armed insurgents.

Mr. Renteria has five children and has been in a long-term relationship with Jhosia Cuero Grueso for approximately eleven years. The defendant's children range in age from one year to eleven years of age. The children reside with Ms. Grueso in Columbia. Mr. Renteria's oldest child was diagnosed with cancer in December of 2022 and needed chemotherapy. Mr. Renteria indicated that the cancer treatments were expensive and he could not afford the treatment. Mr. Renteria stated he was approached by an unknown individual at the fishing dock who told the defendant that he would pay for the medical expenses for the defendant's daughter if Mr.

Renteria would help on the boat.  Mr. Renteria knew he should not agree to get on the boat but he was desperate to help his daughter.  Mr. Renteria regrets agreeing to get on the boat.  Mr. Renteria has been unable to communicate with his family since he was detained in March 2023.

Mr. Renteria began using cocaine at age fifteen and marijuana at age eighteen.  The defendant suffers from "extreme back pain" and gastritis.  Mr. Renteria has no mental health diagnosis or criminal history.

<u>THE APPROPRIATE SENTENCE IN THIS CASE</u>

In determining Mr. Renteria's sentence, the Court is to consider: (1) the nature and circumstances of the offense and the history and characteristics of Mr. Renteria; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of Mr. Renteria, and (D) to provide Mr. Renteria with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for [the offense]; (5) any pertinent policy issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).  As the Court well knows, the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the above factors. Neither the statute itself nor *United States v. Booker*, 543 U.S. 220 (2005), suggests that any one of these factors is to be given greater weight than any other factor.

In some cases, the Guidelines sentencing range will roughly approximate a sentence that would achieve the objectives of § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S.Ct. 558 (2007). In these instances, the advisory ranges are typically the product of the Commission's careful study, and are "based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007). This is not always the case in all of the Guideline provisions. Where the guideline does not reflect the careful study of the Commission, it is likely not "a reliable indicator of the Sentencing Commission's perspective on a fair sentence." *United States v. Shipley*, 560 F.Supp.2d 739, 744 (S.D.Iowa 2008). In those instances, the Court may vary up or down on a case by case basis, after making an individualized determination that the Guidelines would yield an excessive sentence. *Spears v. United States*, 555 U.S. 261, 265, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) (per curiam). When a court finds that the Guideline consistently yields sentences greater than necessary to achieve the purposes of § 3553(a), the court may categorically reject a Guideline based upon policy grounds. *Id*.; *United States v. VandeBrake*, 679 F.3d 1030, 1039-40 (8th Cir.2012) (affirming categorical rejection of Guideline for antitrust offenses); see also, *United States v. Henderson*, 649 F.3d 955, 960 (9th Cir.2011); *United States v. Grober*, 624 F.3d 592, 599–600 (3d Cir.2010); *United States v. Corner*, 598 F.3d 411, 415 (7th Cir.2010) (en banc); *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir.2008) (en banc); *United States v. Rodriguez*, 527 F.3d 221, 227 (1st Cir.2008).

The incentive for the defendant's involvement in this scheme was a fee, and he was not responsible for the actual distribution or setting of any prices. Mr. Renteria was approached and asked if he wanted to make some money so that he could pay for his daughter's chemotherapy

treatments. Mr. Renteria's primary role was to assist on the boat. Mr. Renteria's motivating factor in his involvement in this case was money, he has expressed true remorse for his actions, understands that punishment must follow, and has accepted responsibility for his conduct.

To use quantity as the primary indicator of Mr. Renteria's culpability and therefore establish a guideline range to suggest an appropriate amount of incarceration does very little to promote fairness in arriving at a just sentence for Mr. Renteria's conduct in this matter. When considering this defendant's actual level of involvement, and his prior background and history, a sentence within the guidelines range would be extremely punitive and far greater than that which is needed to address the sentencing factors listed in 18 U.S.C. § 3553(a).

Mr. Renteria is a 26 year old man whose poor decision making has had a significant and negative impact on his life. Mr. Renteria is before this Honorable Court having accepted full responsibility for his criminal behavior. Despite the wrongfulness of his actions, neither Mr. Renteria nor society will benefit from the imposition of an extended prison term. A sentence of not more than 20 months would promote respect for the law and adequately reflect the seriousness of his offense while also providing him an opportunity to succeed with treatment under the supervision of this Honorable Court.

<u>REFLECTING THE SERIOUSNESS OF THE OFFENSE,</u>
<u>PROMOTING RESPECT FOR THE LAW, PROVIDING JUST PUNISHMENT, DETERRENCE AND</u>
<u>PROTECTING THE PUBLIC FROM MR. ORDONEZ</u>

Section 3553(a)(2)(B) requires a sentencing court to impose a sentence that affords adequate deterrence to criminal conduct. Mr. Renteria deeply regrets his actions and every day wishes he had done things differently. A sentence of 20 months would send a message to other

persons that the court will impose a just sentence.

<u>NEED TO PROTECT SOCIETY</u>

Section 3553(a)(2)(c) requires a sentencing court to impose a sentence that protects the public from other crimes of the defendant. A sentence within the advisory guideline range is far in excess of what is just or necessary in this case. The proceedings up until this point, including transporting Mr. Renteria from his home country, the separation from his family, the uncertainty of his daughter's health, and the isolation of being unable to communicate with anyone while being detained and incarcerated, coupled with a sentence of 20 months is sufficient to ensure that Mr. Renteria will never again involve himself in criminal conduct. Mr. Renteria is aware of the consequences of his actions, and the negative impact it has caused his family. Mr. Renteria is aware of the seriousness of this offense and is extremely remorseful for his actions.

<u>THE NEED TO AVOID UNWARRANTED DISPARITIES<br>AMONG DEFENDANTS WITH SIMILAR RECORDS<br>WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT</u>

The Court must consider the need to avoid unwarranted disparities among defendants with similar criminal histories convicted of similar criminal conduct. 18 U.S.C. § 3553(a)(6). The court should avoid unwarranted similarities in sentencing among defendants who are different in ways not accounted for in the guideline range, see *Gall*, 552 U.S. at 55 ("need to avoid unwarranted similarities among other co-conspirators who were not similarly situated").

A variance downward from the voluntary sentencing guidelines would avoid unwarranted sentence disparity, and would also serve the mandate of § 3553(a) to impose a sentence sufficient, but not greater than necessary to punish Mr. Renteria's conduct. Mr. Renteria's primary

involvement, similar to other cases that have been prosecuted recently in the Eastern District of Virginia are centered on his assistance in shipping a large amount of drugs in international waters and are indistinguishable from the present case.[1]

ARGUMENT

The Court should consider all of the 3553(a) factors to determine a sentence and, "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id., at 52, (quoting *Koon v. United States*, 518 U.S. 81, 98, (1996)).

Mr. Renteria's guidelines are primarily based on the weight and type of the drugs involved. Furthermore, "[T]he Guidelines ranges for drug trafficking offenses are not based on empirical data, Commission expertise, or the actual culpability of defendants…. Instead, they are driven by drug type and quantity, which are poor proxies for culpability." *United States v. Diaz*, 2013 WL 322243, No. 11-CR-00821-2 (E.D.N.Y. Jan. 28, 2013). Because the guidelines use as their primary focus drug weight, the actual involvement and culpability of the Defendant are largely ignored.

In the present case, Mr. Renteria did not maintain his own set of local clients, did not "front" any advancements of narcotics dependent on future sales, and did not share in any profits. Defendant's primary involvement, similar to other cases that have been prosecuted recently in the

---

[1]See *United States v. Pineda, et. al.*, No.4:20-CR-66 (E.D.V.A. July 21, 2021); see also *United States v. Smith-Meria, et. al.*, No. 4:20-CR-38 (E.D.V.A. April 2, 2021); see also *United States v. Pilligua, et al*, No. 4:21-CR-00080 (E.D.V.A. October 22, 2022).

Eastern District of Virginia are centered on his assistance in shipping a large amount of drugs in international waters.[2] These boat crews are routinely made up of very poor, impoverished, individuals from small countries who are used by the larger drug organizations because these crew members are cheap labor and expendable. The incentive for the defendant's involvement in this scheme was a fee, and he was not responsible for the actual distribution or setting of any prices. Defendant has acknowledged that the motivating factor in his involvement in this case was money, he has expressed true remorse for his actions, understands that punishment must follow, and has accepted responsibility for his conduct.

As he must now face an appropriate disposition from the court for his actions, it is Defendant's position that the Court sentence him only to those conditions that are necessary to satisfy the 3553(a) factors. "Incarceration is often necessary, but the unnecessarily punitive extra months and years the drug trafficking offense guideline advises us to dish out matter: children grow up; loved ones drift away; employment opportunities fade; parents die." Id.

To use quantity as the primary indicator of Mr. Renteria's level of culpability and therefore establish a guideline range to suggest an appropriate amount of incarceration does very little to promote fairness in arriving at a just sentence for Mr. Renteria's conduct in this matter. When considering Mr. Renteria's actual level of involvement, and his prior background and history, a sentence within the guidelines range would be extremely punitive and far greater than that which is needed to address the sentencing factors listed in 18 U.S.C. § 3553(a).

As noted in the PSR, Mr. Renteria was raised in Columbia in a poverty stricken nation. Mr.

---

[2]See *United States v. Pineda, et. al.*, No.4:20-CR-66 (E.D.V.A. July 21, 2021); see also *United States v. Smith-Meria, et. al.*, No. 4:20-CR-38 (E.D.V.A. April 2, 2021).

Renteria is anxious to return back to his home and to be reunited with his family.

When considering Mr. Renteria's age, his family life, his absence of any criminal record, and his low-level, limited participation in this offense, a sentence within the appropriate guideline range would exceed the sentencing goals as provided in 18 U.S.C. § 3553. Mr. Renteria's did not make the primary arrangements for the organization of distribution, did not have any clients or list of potential buyers, his primary motivation was the fee he received. Because the guidelines focus primarily on the weight of the drugs involved and not on the culpability of the defendant's conduct, the guidelines in this situation are greater than that which is necessary to reflect an appropriate sentence.

### SAFETY VALVE  PURSUANT TO 18 U.S.C. § 3553(f) and §5Cl.2

Pursuant to 18 U.S.C. § 3553(f) , Mr. Renteria is eligible for safety valve relief.  In order to be eligible for safety valve relief, there are five requirements for 18 U.S.C. § 3553(f) to take effect: (1) the defendant cannot have more than 4 criminal history points, cannot have a prior 3 point offense, and cannot have a prior 2 point violent offense, (2) the offense did not involve firearms or violence, (3) the offense did not result in death or serious bodily injury to any person, (4) the defendant was not an organizer or leader of others in the offense as determined under the sentencing guidelines, and (5) the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense. Mr. Renteria has absolutely no criminal history other than the instant offense. There is no allegation regarding violence, Mr. Renteria was not a leader or organizer of others, and Mr. Renteria has fully cooperated during this process.

<u>CONCLUSION</u>

Mr. Renteria respectfully requests that this court give consideration to the foregoing factors and find that a sentence anywhere within or close to the advisory guideline range would be overly harsh. Accordingly, in light of the statutory factors and arguments above, Mr. Renteria, recognizing and acknowledging the serious nature of his offenses, respectfully moves this Honorable Court, for the reasons stated herein, to impose a sentence within a range of 12 to 20 months of incarceration. This sentence is sufficient, but not greater than necessary to satisfy the sentencing factors set forth in 18 U.S.C. § 3353(a).

Respectfully submitted,

_____/s/_____

Michael P. Jones
Attorney for Defendant
Virginia State Bar No. 36164
MICHAEL P. JONES, P.C.
11847 Canon Boulevard, Suite 1
Newport News, VA 23606
(757) 873-2333
(757) 873-5522 fax
mjones@michaelpjonespc.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 28th day of November, 2023, a true and correct copy of the above and foregoing Defendant's Position with Respect to Sentencing Factors was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Eric M. Hurt
Assistant United States Attorney
721 Lake Front Commons, Suite 300
Newport News, Virginia 23606
eric.hurt@usdoj.gov

I further certify that on this 28th day of November, 2023, I caused a true and correct copy of the foregoing to be delivered to the following:

Probation Officer Joshua Coleman
United States Probation Officer
827 Diligence Drive, Suite 210
Newport News, Virginia 23606
Joshuan_coleman@vaep.uscourts.gov

_____/s/_____
Michael P. Jones
Attorney for Defendant
Virginia State Bar No. 36164
Michael P. Jones, P.C.
11847 Canon Boulevard, Suite 1
Newport News, VA 23606
(757) 873-2333
(757) 873-5522 - fax
mjones@michaelpjonespc.com