**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Docket No. 4:23-cr-36** |
| | ) | |
| **CESAR RODRIGUEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS</u>**

Having no objections to the presentence report, Cesar Rodriguez hereby provides his position on the statutory sentencing factors. In this pleading, Mr. Rodriguez moves for a downward variance sentence – no more than 30 months' imprisonment.

Mr. Rodriguez pled guilty to Count One of the Indictment charging him with conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine on board a vessel in violation of Title 46, United States Code, Section 70503. The total offense level is 21, and Mr. Rodriguez falls under Criminal History Category I, yielding an advisory guideline range of 37 to 46 months. Given the underlying conduct, and Mr. Rodriguez's history and characteristics, a sentence of no more than 30 months is sufficient to accomplish the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a).

**I.     A sentence of no more than 30 months sufficiently accounts for the nature and circumstances of the offense and is appropriate given Mr. Rodriguez's personal history and characteristics.**

It is within this Court's discretion to impose a below-guideline sentence. *See Gall v. United States*, 128 S. Ct. 586, 602 (2007) (finding a sentence outside the Guidelines to be reasonable); *see also Kimbrough v. United States*, 128 S. Ct. 570 (2007) (noting that courts may vary from Guideline ranges based solely on policy considerations, including disagreement with the

Guidelines); *Rita v. United States,* 127 S. Ct. 2456, 2465 (2007) (holding that a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations"). Time and again, the Supreme Court has reiterated that "the district court is free to make its own reasonable application of the § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough*, 128 S. Ct. at 577 (Scalia, J., concurring). A sentencing court "may not presume that the Guidelines range is reasonable," but must "make an individualized assessment based on the facts presented." *Gall,* 128 S. Ct. at 597. In this case, a sentence below the guideline range is sufficient to accomplish the purposes of sentencing while taking into account the nature of the offense and Mr. Rodriguez's personal history and characteristics.

    A. *Though the offense is undoubtedly serious, a sentence of no more than 30 months' imprisonment will address Mr. Rodriguez's criminal conduct.*

Mr. Rodriguez is before the Court because he unwisely agreed to participate in transporting cocaine by boat for a larger drug trafficking organization. Mr. Rodriguez was part of a three-man crew of a low-profile vessel (or "Go-Fast Vessel") that was located by Maritime Patrol Aircraft approximately 206 nautical miles from the Galapagos Islands in the eastern Pacific Ocean. A U.S. Coast Guard ship and then a helicopter were dispatched to intercept the Go-Fast Vessel. A significant quantity of cocaine was located and seized by United States Coast Guard personnel. Mr. Rodriguez did not know at the time that the cocaine was in excess of 1,200 kilograms, but he was aware that there was a significant quantity. Mr. Rodriguez and his co-defendants were taken into custody and transported to the United States for prosecution. Mr. Rodriguez acknowledges the seriousness of the offense but also emphasizes his minimal role in the conspiracy in mitigation.

Mr. Rodriguez was cooperative and followed the directives of the U.S. Coast Guard personnel. Once brought to this district, he readily agreed to plead guilty and has shown nothing

but sincere remorse and regret for his conduct. He has agonized over his separation from his family in Ecuador and how is actions have impacted them. In short, he has completely accepted responsibility for his involvement.

B. *A sentence of no more than 30 months' imprisonment is an appropriate sentence given Mr. Rodriguez's history and characteristics.*

Mr. Rodriguez comes from a "coastal fishing village" in Ecuador. He and his eight siblings were raised by their parents who were not married but remained together until Cesar was approximately 12 or 13 years old when they separated. PSR ¶ 35. His father worked as a teacher and his mother did not work outside of the home until after the separation. After his parents separated, Cesar remained with his mother. To help support the family, Cesar stopped attending school and began work as a fisherman. Cesar did not go hungry and was provided the basic necessities growing up. However, economically, the family "did not have much." *Id.*

Mr. Rodriguez married his wife in February of 2023. However, they have been together for approximately 15 years and have three children ages 14, 5 and 2. PSR ¶ 38. Mr. Rodriguez's wife works as a teacher. *Id.* Since Mr. Rodriguez's apprehension and incarceration, his wife has struggled financially without Mr. Rodriguez's income as a fisherman. For example, to obtain extra money, Mr. Rodriguez's wife has had to sell their car.

Aside from this offense, Mr. Rodriguez has led a simple and honorable life. He is 30 years old and has never before been in trouble. This absence of prior criminal behavior is evidence of a lower likelihood of recidivism. Before his involvement in this offense, Mr. Rodriguez earned a living working as a fisherman. His home and life in Ecuador is modest at best and far from the material comforts that most homes in the United States have. That notwithstanding, Mr. Rodriguez looks forward to completing his sentence and returning home.

Mr. Rodriguez's wife, children, parents and all of his siblings save a brother (who lives in Spain) live in Ecuador. His father is retired and his mother works as a teacher. He loves his wife and children very much and is incredibly disappointed that they are suffering because of his involvement in this offense.

Mr. Rodriguez correctly regards his decision to become involved in this offense as the worst decision of his life. He fell victim to the lure of easy money to help him and his family, despite knowing what he was doing was wrong. He now knows the risk he took by participating was far from worth it. He finds himself incarcerated in a foreign country where he does not speak the language and is separated from his family and friends. He has never been to the United States before and has no connection to this country. When he finishes serving his sentence, he plans to return home to his family and country to resume his otherwise law-abiding life.

II.     **A sentence of no more than 30 months is sufficient but not greater than necessary to satisfy the purposes of sentencing in this case.**

A. *The requested sentence amounts to a significant deprivation of Mr. Rodriguez's liberty and constitutes just punishment.*

Two and a half years in prison is not a slap on the wrist for Mr. Rodriguez who has no criminal history whatsoever. Two plus years in a federal prison far from his home and family in Ecuador is sufficient to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment. In addition, Mr. Rodriguez speaks limited English which has made and will continue to make his incarceration more difficult to bear. Moreover, unlike many federal inmates, Mr. Rodriguez will not enjoy visits from family and friends since they are all in Ecuador (except one brother who lives in Spain) and unable to travel to this country. He is also unable to benefit from much of the programming offered in the Bureau of Prisons because of his citizenship

4

status.  *See United States v. Ferreria*, 239 F. Supp. 2d 849, 854 (E.D. Wis. 2002) (citing BOP policies and regulations pertaining to undocumented immigrants).

    B.  *The requested sentence will not create unwarranted disparity.*

This Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  The sentence requested by the defense is only seven months below the low end of the guideline range.  In addition, according to the Sentencing Commission, "during the last five fiscal years (FY2018-2022), there were 613 defendants whose primary guideline was §2D1.1 and Powder Cocaine was the primary drug type, with a Final Offense Level of 21 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. United States Sentencing Commission, Judicial Sentencing Information ("JSIN") database.[1]  For the 602 defendants (98%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 31 month(s) and the median length of imprisonment imposed was 34 month(s)." *Id.*  In addition, in a recent case similar to this one, Judge Jackson of this Court sentenced four defendants, with the same guideline range as Mr. Rodriguez, to 20-, 27- and 30-months' imprisonment. *See United States v. Comtin, et al,* 2:23-cr-85, ECF Nos. 122, 123, 124, 125 (docket entries)[2]. As such, the defense respectfully submits that there will not be any unwarranted disparity with a sentence of 30 months' imprisonment.

---

[1] https://jsin.ussc.gov/analytics

[2] *See also* ECF Nos. 126, 128, 130, 132 (Judgment Orders).  The 20-month sentence imposed on one of these defendants was based in part (upon information and belief) on that defendant's health problems. Finally, the guideline range for these defendants can be found in the government's respective Position on Sentencing. ECF Nos. 110, 111, 112, 113.

C. *A below-guideline sentence will provide deterrence and will promote the other statutory goals of sentencing*

Mr. Rodriguez has already been deterred from ever again involving himself in drug trafficking operations.  In other words, there is no need for the Court to be overly concerned with specific deterrence to Mr. Rodriguez. In addition, Mr. Rodriguez's arrest, prosecution, and incarceration in an American prison is already well known to those in the area where he is from in Ecuador.  In that regard, general deterrence has been achieved there.  Accordingly, a sentence of 30 months' imprisonment is enough to further deter others from repeating Mr. Rodriguez's criminal conduct.

Of all the purposes of sentencing, the need to protect the public from further crimes of the defendant is the one of greatest practical concerns.  The likelihood of Mr. Rodriguez engaging in similar conduct, or any other criminal conduct, in the future is extremely low.  In sum, the public does not need to be protected from Mr. Rodriguez. Accordingly, § 3553(a)'s need "to protect the public from further crimes of the defendant" does not require a prison sentence longer than thirty months.

**CONCLUSION**

Mr. Rodriguez respectfully requests a sentence of no more than 30 months' imprisonment. The defense submits that this would satisfy the factors as set forth in 18 U.S.C. § 3553(a), providing for a sentence that is sufficient, but not greater than necessary.

Respectfully submitted,

CESAR RODRIGUEZ

By: _____/s/_____
Keith Loren Kimball
VSB # 31046
Supervisory Assistant Federal Public Defender
Attorney for Cesar Rodriguez

Office of the Federal Public Defender
500 E. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 457-0870
Telefax: (757) 457-0880
Email: keith_kimball@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

I further certify that a true and correct copy of the foregoing document has been sent by electronic mail to following non-filer:

Joshua A. Coleman
Senior United States Probation Officer
United States Probation Office
600 Granby Street, Suite 200
Norfolk, VA 23510
Email: Joshua_Coleman@vaep.uscourts.gov

/s/
Keith Loren Kimball
VSB # 31046
Supervisory Assistant Federal Public Defender
Attorney for Cesar Rodriguez
Office of the Federal Public Defender
500 E. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 457-0870
Telefax: (757) 457-0880
Email: keith_kimball@fd.org